IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANK CLARK, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No.: |
| UNITED STATES OF AMERICA, | ) ) ) |
| *Defendant*. | ) ) |

### COMPLAINT AT LAW

Plaintiff, FRANK CLARK, by and through his attorneys, MDR LAW, LLC, and complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

### INTRODUCTION

1. This is an action against the Defendant United States of America under the Federal Tort Claims, 28 U.S.C. § 2671, *et seq.*, and 28 U.S.C. § 1346(b)(1), for medical negligence in connection with medical care provided to Plaintiff, Frank Clark, ("Plaintiff") veteran of the United States Army, who sought medical treatment at the Edward Hines, Jr. Veterans Administration Hospital.

2. Plaintiff has fully complied with the provisions of the 28 U.S.C. § 2675; and, on March 18, 2020, Plaintiff initiated his claim against the United States of America (the "United States" or the "government") by filing the required Standard Form 95 with the Department of Veteran Affairs via regular and certified mail. (Exhibit A.)

3. On March 24, 2020, the U.S. Department of Veteran Affairs received Plaintiff's claim.

4. On September 22, 2021, the U.S. Department of Veteran Affairs sent a letter Plaintiff's counsel denying Plaintiff's claim. (Exhibit B.)

5. Pursuant to 28 U.S.C. § 2675, this suit is timely filed and meets the prerequisite of an administrative denial in that the Plaintiff received the said letter of denial of his claims.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, a resident of Cook County, Illinois.

7. Defendant United States, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center, Edward Hines, Jr. VA Hospital, located at 5000 5th Avenue, Hines, Illinois 60141.

8. At all times relevant to this complaint, agents, servants, employees, and apparent agents, including to its nursing staff, medical residents, physicians, and other healthcare professionals were employed by and/or acting on behalf of the Defendant at the Edward Hines, Jr. VA Hospital.

9. Pursuant to 28 U.S.C. § 2679(b)(1), Defendant United States is the proper defendant for claims arising from or out of a negligent or wrongful act and/or omission of any federal employee committed within the course and scope of their employment.

10. Defendant United States, including its agents, servants, employees, and apparent agents, including to its nursing staff, medical residents, physicians, and other healthcare professionals the Edward Hines, Jr. VA Hospital are hereinafter collectively referred to as "Edward Hines VA."

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1346(b)(1) and the Federal Tort Claims, 28 U.S.C. § 2671, *et seq.*

12. Venue is proper under 28 U.S.C. § 1391, as the actions complained of occurred in this District, and the parties (including agents of the United States working at the Edward Hines, Jr. VA Hospital) are located within this jurisdiction.

## FACTUAL ALLEGATIONS

13. On March 17, 2018, and at all relevant times, the Defendant United States through its agency, the Department of Veterans Affairs, owned, operated, managed, and controlled a certain hospital commonly referred to as Edward Hines, Jr. VA Hospital in Hines, Illinois, wherein it treated persons suffering from various ailments and provided and supplied healthcare professionals, rooms, laboratories, drugs, and other devices for the needs of its patients during their treatment in its facility.

14. On March 17, 2018, and at all relevant times, the Defendant United States acted through its agency and its agents, servants, employees, and apparent agents, including its nursing staff, medical residents, physicians, and other healthcare professionals at the Edward Hines, Jr. VA Hospital, which specifically included but was not limited to Coleen H. Napolitano, D.P.M., Shaham Mumtaz, M.D., Matthew Strauch, D.O., Bryn Laubacher, M.D., and Sanya Lulla, D.P.M.

15. On March 17, 2018, and at all relevant times, the Defendant United States, through its agency – Edward Hines, Jr. VA Hospital – held themselves out to the Plaintiff and other eligible beneficiaries, as a provider of quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

16. On and subsequent to March 17, 2018, and at all relevant times, Edward Hines VA accepted Plaintiff as a patient and agreed to render competent and adequate healthcare services, and undertook to render care, diagnosis, treatment, and other medical services to Plaintiff.

17. On March 17, 2018, Plaintiff presented to Edward Hines VA after sustaining a burn to his left foot and received care, treatment, assessment and evaluation from Edward Hines VA.

18. From March 17, 2018 through June 13, 2018, Plaintiff returned to Edward Hines VA numerous times with ongoing symptoms related to his burn injury.

19. On July 18, 2018, Plaintiff presented again to Edward Hines VA but this time through the Emergency Department, at which time he was diagnosed with a septic infection related to infection at the burn site that had spread.

20. As a result of the infection, Plaintiff required extensive hospitalization and surgical treatment.

## CAUSE OF ACTION
## MEDICAL NEGLIGENCE

21. Plaintiff re-alleges and reincorporates each and every allegation set forth above as if fully set forth herein.

22. The Defendant United States, through its agents, servants, employees, and apparent agents, including to its nursing staff, medical residents, physicians, and other healthcare professionals, had a duty to possess and apply the skill and care of reasonable careful nurses, medical residents, and physicians in the same or similar circumstances.

23. Beginning on March 17, 2018 and all the way through until the time that Plaintiff received his diagnosis beginning on or about July 2020, in derogation of its duty in this regard, the Defendant, through its agents, servants, employees, and apparent agents, including to its nursing staff, medical residents, physicians, and other healthcare professionals, which specifically included but was not limited to Coleen H. Napolitano, D.P.M., Shaham Mumtaz, M.D., Matthew Strauch, D.O., Bryn Laubacher, M.D., and Sanya Lulla, D.P.M., was negligent in one or more of the following ways:

(a) Failed to order or perform a MRI or other imaging studies to diagnose Plaintiff's infection;

(b) Failed to take infection-control measures, including failure to prescribe antibiotic therapy when Plaintiff presented with ongoing complaints and/or symptoms consistent with infection, and when Plaintiff presented with a wound with exposed bone;

(c) Failed to order or perform a bone culture and biopsy to diagnose Plaintiff's infection, as well as to determine the adequate antibiotic therapy for treatment of Plaintiff's ongoing complaints and/or symptoms consistent with infection;

(d) Failed to educate the Plaintiff on the signs and symptoms of infection, wound care, and the importance of follow-up visits; and/or

(e) Failed to timely diagnose and treat Plaintiff's infection.

24. As a direct and proximate result of one or more of the aforementioned careless and negligent acts and/or omissions of the Defendant, the Plaintiff sustained serious and permanent injuries, including a partial ambulation of his big toe on his left foot, infection to his left knee requiring joint prosthesis removal surgery and subsequent reimplantation surgery, as well as extensive hospitalization and other invasive treatments directly related to his infection. Plaintiff was and will be hindered and prevented from attending to his usual duties and affairs of life and has lost and will lose the value of that time as aforementioned. Further, he was incurred medical expenses and other damages, and will continue to incur medical expenses, and other damages in the future to be cured of said injuries. Further, the Plaintiff also suffered and will in the future suffer great pain and anguish from said injuries.

25. The acts and/or omissions set forth above would constitute a claim under the law of the State of Illinois.

26. As required under Section 2-622 of the Illinois Code of Civil Procedure, 735 Ill. Comp. Stat. 5/2-622, Plaintiff attaches hereto a Physician's Report. (Exhibit C.)

WHEREFORE, Plaintiff, Frank Clark, does hereby pray that judgment be entire in his favor and against the Defendant, in an amount to be determined, with the awards of his costs and any further relief this Court finds proper.

                                              Respectfully submitted,
                                              MDR LAW LLC

                                     By: _____*Lauren Budz*_____
                                                  On behalf of Plaintiff

Lauren Budz, Esq.
ARDC # 6293220
lauren@mdr-law.com
Adam S. Budz, Esq.
ARDC #6315238
adam@mdr-law.com
Florina Bandula, Esq.
ARDC # 6338688
florinab@mdr-law.com
**MDR LAW LLC**
180 N LaSalle Street, Suite 3650
Chicago, Illinois 60601
P: (312) 229-5555
F: (312) 229-5556